IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SEAN MATTHEW FINNEGAN, | : | |
|     Plaintiff, | : | |
| | : | |
| V. | : | CIVIL ACTION NO. 21-CV-3356 |
| | : | |
| APPLE HOSTELS PHILADELPHIA | : | |
|     Defendant. | : | |

## MEMORANDUM OPINION

Sean Matthew Finnegan has filed a civil action using the Court's preprinted form for self-represented litigants. Named as the Defendant in the case is Apple Hostels Philadelphia ("Apple"). Finnegan also seeks leave to proceed *in forma pauperis*.[1] For the reasons that follow, the application to proceed *in forma pauperis* will be granted, and the Complaint will be dismissed without prejudice.

I.     FACTUAL ALLEGATIONS

Finnegan's allegations are brief. He checked the box on the form Complaint indicating that he seeks to invoke federal question jurisdiction to assert a claim under 15 U.S.C. § 1692d for "harassment and abuse." (ECF 2). He alleges the defendant is "making up stories and lies to emotionally and phsychlogically [sic] abuse the petitioner [sic]." (*Id.* at 4.) He asserts that Apple has "locked out the plaintiff on numerous occasions," stolen his property, and failed to comply with his demands. (*Id.*) He seeks $5 billion dollars in money damages. (*Id.*)

---

[1] Neither the form Complaint nor the application to proceed *in forma pauperis* contain a hand placed signature. Rather, it appears that both contain an electronic signature. Under the discretion afforded by *In re: Use of Electronic Signatures in Prisoner and Pro Se Cases Due to the Exigent Circumstances Create by COVID-19*, (E.D. Pa. May 13, 2020), the Court will accept the electronic signatures as compliant with Federal Rule of Civil Procedure 11.

## II. STANDARD OF REVIEW

Finnegan's motion for leave to proceed *in forma pauperis* will be granted since he appears unable to pay the filing fee for this case. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which provides that the Complaint will be dismissed if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires that the complaint contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* As Finnegan is proceeding *pro se*, his allegations are construed liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

Finnegan seeks to invoke the Court's federal question jurisdiction by citing to a provision of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692d. That specific section of the statute provides:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (1) The use or threat of use of violence or other criminal means to harm the physical person, reputation, or property of any person.
> (2) The use of obscene or profane language or language the natural consequence of which is to abuse the hearer or reader.
> (3) The publication of a list of consumers who allegedly refuse to pay debts, except to a consumer reporting agency or to persons meeting the requirements of section 1681a(f) or 1681b(3) of this title.
> (4) The advertisement for sale of any debt to coerce payment of the debt.
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

> (6) Except as provided in section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

15 U.S.C. § 1692d.  The term "debt" as used in the statute

> means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

15 U.S.C. § 1692a.  A "debt collector" is defined in the statute as

> . . . any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. . . .   The term does not include--
>
>> (A) any officer or employee of a creditor while, in the name of the creditor, collecting debts for such creditor;
>> (B) any person while acting as a debt collector for another person, both of whom are related by common ownership or affiliated by corporate control, if the person acting as a debt collector does so only for persons to whom it is so related or affiliated and if the principal business of such person is not the collection of debts;
>> (C) any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties;
>> (D) any person while serving or attempting to serve legal process on any other person in connection with the judicial enforcement of any debt;
>> (E) any nonprofit organization which, at the request of consumers, performs bona fide consumer credit counseling and assists consumers in the liquidation of their debts by receiving payments from such consumers and distributing such amounts to creditors; and
>> (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement; (ii) concerns a debt which was originated by such person; (iii) concerns a debt which was not in default at the time it was obtained by such person; or (iv) concerns a debt obtained by such person as a secured party in a commercial credit transaction involving the creditor.

15 U.S.C. § 1692a.

Nothing in Finnegan's brief description of his claim includes any information that would plausibly allege that Apple is a "debt collector," or that Finnegan even owed a debt.

Accordingly, the Complaint will be dismissed on screening as required by 28 U.S.C. § 1915(e)(2)(B) because it fails to state a claim.  However, because it cannot be said at this time that Finnegan can never assert a plausible claim under the FDCPA, the dismissal will be without prejudice and Finnegan will be granted an opportunity to file an amended complaint if he is capable of asserting plausible claims.

A corresponding Order follows giving Finnegan additional instructions on amendment.

**BY THE COURT:**

**/S/Wendy Beetlestone, J.**

_____
**WENDY BEETLESTONE, J.**